**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | Case Nos.  13-cr-0495-PWG |
| | | 18-cr-0152-PWG |
| **DANIEL WILKERSON** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Daniel Wilkerson's Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 57, Renewed Motion.[1] I have reviewed the filings and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons discussed below, Mr. Wilkerson's motion is DENIED.

**BACKGROUND**

On June 6, 2019, Mr. Wilkerson was sentenced to a total term of 66 months imprisonment for Conspiracy and Interstate Receipt of Stolen Property in Case No. 13-cr-495-PWG-3, and for possession with intent to distribute 100 kilograms of more of a mixture of substance containing marijuana in Case No. 18-cr-152-PWG. Mr. Wilkerson was serving his sentence at FMC Lexington when he filed his initial Motion for Compassionate Release on July 27, 2020. ECF 40 and 44, Initial Motion. Since September 22, 2020, however, Mr. Wilkerson has been serving his sentence on home confinement pursuant to the Bureau of Prison's ("BOP") expanded authority under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Renewed Motion ¶ 3.

---

[1] This opinion refences the ECF Nos. in 18-cr-0152-PWG unless otherwise noted in the citation. The same filings pertaining to the Renewed Motion appear in 13-cr-0495-PWG at ECF 248, 250, and 253.

Despite having been transferred to home confinement while his Initial Motion was pending, Mr. Wilkerson elected to continue to pursue compassionate release, primarily due to "uncertainty regarding what will [happen] to inmates placed on home confinement after the pandemic ends." ECF 52, Status Report.

In the Memorandum Opinion denying Mr. Wilkerson's Initial Motion, I found that Mr. Wilkerson failed to meet the criteria for compassionate release for two reasons—*first*, because Mr. Wilkerson's home confinement dramatically reduced his risk of contracting COVID-19 as compared to incarceration in a BOP facility, and *second*, because the possibility of Mr. Wilkerson's eventual transfer back to a BOP facility at the conclusion of the COVID-19 pandemic was uncertain and did not justify granting Mr. Wilkerson the "windfall" of a time served sentence. ECF 56, Mem. Op. at 3–5.

Mr. Wilkerson now renews his Motion for Compassionate Release "based on three new reasons." Renewed Motion at 1. Those reasons are: (1) a memorandum opinion from the DOJ's Office of Legal Counsel ("DOJ Opinion") that allegedly confirms that Mr. Wilkerson will be transferred back to a prison facility at the conclusion of the pandemic; (2) that Mr. Wilkerson "is in clinical need of inpatient residential mental health treatment for his mental health issues and cannot attend residential treatment" while on home confinement; and (3) that "Mr. Wilkerson has been compliant with home confinement for seven months, and the § 3553(a) factors support his transition to an inpatient residential treatment as a condition of his supervised release." *Id*. The United States opposes Mr. Wilkerson's Renewed Motion. ECF 63. Additional details will be provided below as needed.

**DISCUSSION**

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has considered "the factors set forth in section 3553(a) to the extent they are applicable." The statute requires the Court to: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) where appropriate, consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.*

**I. Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). As in the Memorandum Opinion denying Mr. Wilkerson's Initial Motion, I will assume without deciding that this condition is satisfied for the purposes of reviewing Mr. Wilkerson's Renewed Motion. Mem. Op. at 3.

**II. Extraordinary and Compelling Reasons**

Next, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and whether such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A).[2] For the reasons explained below, I conclude that the new allegations

---

[2] The applicable Sentencing Commission policy statements are found in U.S.S.G. § 1B1.13, which recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the

3

in Mr. Wilkerson's Renewed Motion do not meaningfully change the analysis of his eligibility for compassionate release, and that he has failed to meet the "extraordinary and compelling" threshold to warrant a sentence reduction.

This Court and others have found that the risk of contracting COVID-19 in BOP facilities constitutes an extraordinary and compelling reason for a sentence reduction for defendants with serious medical conditions that placed them at high risk for complications from COVID-19. *See, e.g.*, *United States v. Jennings*, Case No.: 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (collecting cases).

Mr. Wilkerson alleged in his Initial Motion that his various medical conditions place him "at serious risk of becoming severely ill from COVID-10." Initial Motion at 1. *See also* Renewed Motion ¶ 1. The BOP addressed Mr. Wilkerson's heightened vulnerability to COVID-19 without this Court's intervention by transferring him to home confinement, thereby dramatically reducing his risk of contracting the virus. Renewed Motion ¶ 3. The BOP effected Mr. Wilkerson's transfer pursuant to its expanded authority under the CARES Act "to place federal prisoners in home confinement" earlier in their sentence than would otherwise be authorized by statute. *Id.*; CARES Act § 12003(b)((2); 18 U.S.C. 3624(c)(2).[3] The DOJ Opinion that Mr. Wilkerson cites in his Renewed Motion clarifies that the BOP's expanded authority lasts only during the CARES Act's "covered emergency period" and while "the Attorney General finds that the emergency conditions are materially affecting BOP's functioning". DOJ Op. at 1. The "covered emergency period" ends "30 days after the date on which the national emergency declaration terminates." *Id.* at 2.

---

policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

[3] 18 U.S.C. 3624(c)(2) provides BOP with the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."

Mr. Wilkerson claims that the DOJ Opinion weighs in favor of granting his Renewed Motion. Renewed Motion ¶ 8–11. He specifically argues that the DOJ Opinion means that his risk of "being returned to" a BOP facility "is not hypothetical or speculative," and that the certainty of his return to federal detention makes his circumstances extraordinary and compelling. I disagree on both counts.

As of the date of this Opinion, Mr. Wilkerson's projected release date (April 14, 2022) is only five months away. Renewed Motion ¶ 12. Meanwhile, the COVID-19 pandemic is ongoing and the national emergency declaration remains in place, as does BOP's expanded authority under the CARES Act. Despite his claims to the contrary, the fact of Mr. Wilkerson's eventual return to a BOP facility remains speculative, and I remain unwilling to engage in speculation regarding what actions the BOP may take at an undetermined point in the future. Renewed Mot. at ¶ 10; Mem. Op. at 5.

Furthermore, even assuming that Mr. Wilkerson is correct about the inevitability of his return to federal detention, his transfer back to a BOP facility would occur only at the conclusion of the national emergency caused by the COVID-19 pandemic, or upon a finding by the Attorney General that the COVID-19 pandemic is no longer materially affecting the BOP's functioning. If the pandemic is over or substantially contained, there will no longer be extraordinary and compelling reasons to justify reducing Mr. Wilkerson's lawfully imposed sentence.

Mr. Wilkerson claims next that his mental health needs warrant a reduction in his sentence. Renewed Motion ¶¶ 13–17. He specifically cites his physicians' recommendations that he receive inpatient treatment, which is unavailable during his period of home confinement, and his inability to receive services from the provider of his choice. *Id.* I disagree.

5

Mr. Wilkerson was instructed only to receive behavioral health services from a specific contracted provider. *See* ECF 59 at 30. His inability to choose whichever provider and form of treatment he wants is an unfortunate reality of being in BOP custody. Mem. Op. at 5. And while I empathize with Mr. Wilkerson's desire to continue receiving care from his established team of mental health care professionals, there is nothing extraordinary or compelling about these circumstances.

Finally, Mr. Wilkerson notes that he has been compliant with home confinement so far, and proposes that the court impose a period of inpatient psychiatric care, followed by an additional period of home-confinement, as conditions of reducing his sentence to time served. Renewed Mot. at 6. The Government notes in its Opposition, and I agree, that the fact that Mr. Wilkerson "has not violated home confinement conditions does not amount to anything extraordinary" but rather is a "bare requirement for every prisoner on release." ECF 56, Opposition at 2.

In sum, I conclude that Mr. Wilkerson has not demonstrated extraordinary and compelling reasons that warrant a reduction in his sentence.

### III.  Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary, not sufficient, condition for compassionate release. The Court need not consider the section 3553(a) sentencing factors absent an "extraordinary and compelling reasons" to justify a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A) ("the court, . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if it finds that-- extraordinary and compelling reasons warrant such a reduction*[.]") (emphasis added).

Because I have concluded that Mr. Wilkerson failed to present extraordinary and compelling reasons to justify a sentence reduction, I do not consider the sentencing factors here.[4]

## CONCLUSION

For the reasons outlined above, I remain "unwilling to disturb BOP's prudent decision to eliminate the risk that Mr. Wilkerson might contract COVID-19 in a BOP facility while maintaining strict supervision over him," notwithstanding the new arguments Mr. Wilkerson raises in his Renewed Motion.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 9th day of November 2021, hereby ORDERED that Mr. Wilkerson's Renewed Motion for Compassionate Release, ECF No. 248 (13-cr-0495-PWG) and ECF 63 (18-cr-0152-PWG), is DENIED.

           /S/
Paul W. Grimm
United States District Judge

---

[4] Moreover, the sentencing factor analysis has not changed since I denied Mr. Wilkerson's initial Motion for Reconsideration and concluded that granting Mr. Wilkerson compassionate release would be inconsistent with the sentencing factors set forth in § 3553(a). Mem. Op. at 6. Thus, even were I to reconsider the section 3553(a) sentencing factors I would not reach a different conclusion.